**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JODY GOFFMAN CUTLER,<br><br>Plaintiff(s),<br><br>v.<br><br>ESTATE OF JACK SOLOMON, et al.,<br><br>Defendant(s). | 2:12-CV-902 JCM (VCF) |

**SEALED ORDER**

Presently before the court is defendants', Art Loss Register, Inc., and Christopher A. Marinello (collectively "ALR defendants")[1], motion to dismiss. (Doc. # 20).[2] Plaintiff Judy Cutler filed a response in opposition (doc. # 23), and defendants filed a reply (doc. # 24).

Also before the court is defendants' motion for sanctions against plaintiff and plaintiff's counsel pursuant to Federal Rule of Civil Procedure 11. (Doc. # 22).[3] Plaintiff filed a response in opposition (doc. # 26), and defendants filed a reply (doc. # 28).

. . .

---

[1] The third, and named, defendant is the estate of Jack Solomon. The current motion to dismiss does not include the estate of Jack Solomon.

[2] ALR Defendants filed a notice of corrected document regarding their motion to dismiss. (Doc. # 25). Both documents have been considered by the court.

[3] ALR Defendants filed a notice of corrected document regarding their motion for sanctions. (Doc. # 37). Both documents have been considered by the court.

**James C. Mahan**
**U.S. District Judge**

I. **Background**

Plaintiff alleges two causes of action against defendants: (1) abuse of process; and, (2) civil conspiracy. (Doc. # 19, amended compl. at ¶ 7). The underlying facts giving rise to this lawsuit originate from a case that has already concluded in this district, *Solomon v. Mueller et al*, 2:07-cv-00645-RLH.[4] To resolve the current motion, the court must necessarily delve into the facts giving rise to the previous lawsuit as well as orders from courts in the previous lawsuit.[5]

In 1973, Jack Solomon ("Solomon") owned a Norman Rockwell painting titled Russian Schoolroom. (Doc. # 126, amended compl. at ¶ 8). At some point in 1973, the painting was stolen. (*Id.* at ¶ 9). The painting did not reappear until an auction in New Orleans in 1988. (*Id.* at ¶ 10). Plaintiff purchased the painting at the auction for $70,400. (*Id.* at ¶ 10; *Solomon v. Mueller et al*, 2:07-cv-645, Summ J. Order, Doc. # 250; 3:7-8 ("Judge Hunt order")). In 1989, Cutler sold the painting to movie director Steven Spielberg. (*Id.* at ¶ 12).

. . .

---

[4] The court takes judicial notice of the proceedings in *Solomon v. Mueller et al*, case number 2:07-cv-00645-RLH. Review on a motion pursuant to Fed.R.Civ.P. 12(b)(6) is normally limited to the complaint itself. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed.R.Civ.P. 12(b); *see United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie,* 342 F.3d at 908.

A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 908. If adjudicative facts or matters of public record meet the requirements of Fed.R.Evid. 201, a court may judicially notice them in deciding a motion to dismiss. *Id.* at 909; *see* Fed.R.Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D. Nev. 2009).

[5] The court takes judicial notice of Judge Hunt's order on summary judgment (doc. # 250 in case no. 2:07-cv-00645-RLH) and the Ninth Circuit opinion in *Solomon v. Spielberg*, 473 Fed.Appx. 526, 530 (9th Cir. 2012).

James C. Mahan
U.S. District Judge

- 2 -

1    In the meantime, Solomon retained defendant Art Loss Register, Inc. ("ALR") to reclaim ownership of the stolen painting. Defendant Marinello represented ALR as general counsel. (*See id.* at ¶ 14-15).[6]

In February 2007, Spielberg learned that Russian Schoolroom had been stolen before his purchase of the painting in 1989. (*Id.* at ¶ 13; Judge Hunt order; 3:9-10). In May 2007, Cutler agreed to exchange a painting of equal or greater value with Spielberg. (*Id.* at ¶ 18; Judge Hunt order; 3:10-11). ALR defendants, on behalf of Solomon, contacted Spielberg and Cutler and attempted to arrange a settlement agreement between all the interested parties. (*See id.* at ¶¶ 13-16; Judge Hunt order; 3:21-25). The settlement attempts proved unsuccessful.

In May 2007, Solomon filed a lawsuit with a court in this district against the FBI and Spielberg (the "2007 case"). (*Id.* at ¶ 16; Judge Hunt order; 4:1-10). Spielberg filed a counterclaim against Solomon and named Cutler as a third party defendant. (*Id.* at ¶ 18; Judge Hunt order; 4:1-10). Cutler brought a crossclaim against Solomon and ALR for intentional tort and a defamation crossclaim against Solomon. (Judge Hunt order; 4:1-10). ALR did not seek any affirmative relief against Cutler in the prior lawsuit. ALR only defended itself against Cutler's claims.

At the summary judgment stage in the prior lawsuit, the court "grant[ed] ALR's motion for Summary Judgment on [the intentional tort] claim because Cutler [ ] provided no evidence indicating how ALR's threats harmed her." (Judge Hunt order; 13:4-5). Specifically, the court found the following on the intentional tort claim by Cutler against ALR:

> Although [Cutler] alleges in her pleadings that she lost Steven Spielberg as a client because of ALR's threats, Cutler has proffered no evidence to support this assertion. In fact, since filing this crossclaim, Cutler has admitted that this allegation is unfounded. Cutler testified in her deposition that she has not lost any clients, including Spielberg, as a result of ALR's actions or the publicity generated by this case.
>
> . . .
>
> [T]he Court does not see how ALR threatening Cutler with criminal prosecution if she did not agree to a settlement required her to incur additional attorney's fees. . . . If one takes away the threats ALR allegedly made during settlement talks, Cutler would still be seeking

---

[6] Defendant Marinello withdrew from representing ALR in the 2007 case.

>title to the painting and damages for defamation. Thus, ALR's alleged threats caused Cutler to incur additional attorney's fees only because Cutler chose to file suit for intentional tort.

(Judge Hunt order; 13:5-20).

On appeal, the Ninth Circuit affirmed the district court on the intentional tort claim and held:

>Cutler testified that she has not lost any clients as a result of ALR's actions or the publicity generated by the case. She also provided no evidence that ALR's actions caused her to incur any additional attorney's fees.

*Solomon v. Spielberg*, 473 Fed.Appx. 526, 530 (9th Cir. 2012).

A.    Present Case

The above referenced facts color the background of the instant case. In her opposition to the motion to dismiss, plaintiff admits that her two current claims are based in part on the facts that gave rise to the 2007 case. (Doc. # 23 at p. 3-4). However, as "new" facts, plaintiff alleges that she recently discovered that defendants wrongfully asserted the attorney-client privilege, (*see* amended compl. at ¶¶ 20-23), FBI documents establish that Solomon knew of the 1988 auction, (*see* amended compl. at ¶¶ 24-27), and that Solomon gave false testimony (*see* amended compl. at ¶¶ 28-32).

Plaintiff alleges that these new facts show that defendants committed an abuse of process because they demonstrate an ulterior purpose and willful acts to use the prior legal proceeding outside the regular course of conduct. (*Id.* at ¶ 33). Plaintiff further alleges that defendants' ulterior purpose was to invent a claim in order to coerce a wrongful settlement out of either Spielberg or Cutler. (*Id.* at ¶¶ 34-35). Finally, plaintiff alleges that these facts demonstrate each defendant (ALR, Marinello, and Solomon) conspired together to abuse the process. (*Id.* at ¶ 40).

ALR defendants counter that plaintiff's two claims fail for all the following reasons: this court has no personal jurisdiction over the ALR defendants; the statute of limitations for each claim has run and the claims are time barred; the claims are subject to claim preclusion; and, the claims fail to state a claim under Federal Rule of Civil Procedure 12(b)(6). ALR defendants also seek attorneys fees.

. . .

. . .

James C. Mahan
U.S. District Judge

- 4 -

## II.     Legal Standard

The legal standard for Rule 12(b)(6) and for issue and claim preclusion govern the analysis of the motions.

### A.     Claim Preclusion

Claim preclusion, also referred to as res judicata, "provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Pres. Counsel, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal citations and quotations omitted). "A final judgment on the merits of an action precludes the parties or their privies form relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 453 U.S. 394, 398 (1981). "The doctrine of res judicata is meant to protect parties against being harassed by repetitive actions." *Bell v. United States*, no. CV F 02-5077, 2002 WL 1987395, at *4 (E.D. Cal. June 28, 2002).

"Claim preclusion requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between the parties." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

As to the identity of claims requirement, a court is to apply the following four criteria: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Id.*; *Tahoe-Sierra*, 322 F.3d at 1078 ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.").

### B.     Issue Preclusion

"Claim preclusion and issue preclusion are related doctrines used to protect the finality of decisions and prevent the proliferation of litigation." *Littlejohn v. United States*, 321 F.3d 915, 919 (9th Cir. 2003). "The two doctrines are based on the same general principle: After a claim or issue is properly litigated, that should be the end of the matter for the parties to that action. Although the

1  two doctrines are related, they protect distinct values and may be used in different ways." *Id.*

2  "The doctrine of issue preclusion prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988); *Littlejohn*, 321 F.3d at 923 ("Issue preclusion bars the relitigation of issues actually adjudicated in previous litigation between the same parties."). "A party invoking issue preclusion must show: (1) the issue at stake is identical to an issue raised in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Littlejohn*, 321 F.3d at 923.

C.   *Failure to State a Claim*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

**James C. Mahan**
**U.S. District Judge**

- 6 -

1   Where the complaint does not "permit the court to infer more than the mere possibility of
2   misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."
3   *Id*. (internal quotations and alterations omitted).  When the allegations in a complaint have not
4   crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550
5   U.S. at 570.

6   The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
7   1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
8   allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
9   but must contain sufficient allegations of underlying facts to give fair notice and to enable the
10  opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
11  plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
12  be subjected to the expense of discovery and continued litigation." *Id.*

13  **III.    Discussion**

14  The court will address each claim in turn.[7]  The court will then turn to the issue of attorneys
15  fees.

16      *A.    Civil Conspiracy*

17  The court finds that the cause of action for civil conspiracy is both issue and claim precluded.
18  As for claim preclusion, neither party disputes that two of the three elements are satisfied: (1) a final
19  judgment on the merits; and (2) privity of parties.  The only remaining issue is whether the claims
20  are substantially identical to trigger claim preclusion.  The court finds that each of the four identify
21  of claim considerations weigh in favor of defendants.

22  Plaintiff argues that this cause of action is based in part on conduct by the defendants that
23  began after the 2007 case began–such as, improperly invoking the attorney-client privilege and

---

[7] The court need only address claim and issue preclusion and failure to state a claim under Rule 12(b)(6). The court's omission of personal jurisdiction and statute of limitations analysis does not constitute an implicit acceptance that this court has personal jurisdiction over the defendants or that these causes of actions are not barred by the statue of limitations. The court simply finds that it easiest to dispose of these causes of action under claim and issue preclusion and failure to state a claim, as opposed to personal jurisdiction or statute of limitations.

1  Solomon allegedly providing false testimony during the trial of the 2007 case. Plaintiff argues that
2  these additional facts are not part of the transactional nucleus of facts that gave rise to the 2007 case.

However, plaintiff's arguments ignore that the vast majority of the alleged facts in her amended complaint in support of a claim for civil conspiracy stem from the same transactional nucleus of facts from the prior suit. The fourth factor for identity of claims from *Harris* is clearly satisfied. Plaintiff knew that Solomon had hired ALR, which was represented by Marinello, to pursue a settlement with Cutler and/or Spielberg. Plaintiff admits as much in amended complaint. (Doc. # 19, amended compl. at ¶¶ 13-15).

For example, plaintiff alleges that "[i]n February 2007, the FBI announced that Russian Schoolroom, which had been stolen in 1973, had been located in the possession of Spielberg. Solomon, Marinello and Art Loss Register immediately began a campaign to try to coerce Spielberg to quickly relinquish possession of Russian Schoolroom." (*Id.* at ¶ 13).[8] Plaintiff has known of the agreement between Solomon, ALR, and Marinello since before the initiation of the 2007 case. Plaintiff has further known the substance of defendants' agreement–to reacquire the stolen Rockwell painting–since before the initiation of the 2007 case. The civil conspiracy claim stems from the same transactional nucleus of facts.

. . .

---

[8] Plaintiff conspicuously omits in her complaint that she engaged in settlement discussions with the defendants prior to the 2007 case. However, Judge Hunt found that Cutler negotiated with defendants prior to the initiation of that lawsuit. (Judge Hunt order; 3:22-25 ("ALR's attorneys contacted Spielberg and Cutler, and attempted to facilitate an agreement between all parties in which Solomon would ultimately take possession of the painting.")).

Further, in plaintiff's facts supporting her crossclaim for intentional tort in the prior action she alleged the following:

> On or about March 20, 2007, and thereafter, Art Loss Register ("ALR"), as Solomon's agent, and on its own account, advised Cutler that it represented Solomon in his claim for retrieval of the Rockwell Painting and threatened Cutler that if she did not settle Solmon's claim on terms satisfactory to Solomon, she would suffer criminal prosecution because she had lied to the FBI, and would as well suffer damage to her reputation.

(Doc. # 41, answer and counterclaim from *Solomon v. Mueller*, 2:07-cv-645).

James C. Mahan
U.S. District Judge

- 8 -

The remaining three factors in the identity of claims analysis from *Harris* are all satisfied. The evidence presented by plaintiff in support of her intentional tort claim in the 2007 case comprises the bulk of plaintiff's factual allegations in this case. Plaintiff has recast and re-titled her 2007 cause of action of intentional tort as civil conspiracy and abuse of process. To allow the new claim of civil conspiracy to proceed could destroy or impair finally adjudicated rights between these parties.

Additionally, the elements of a civil conspiracy claim are: (1) "a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another"; and (2) "damage results from the act or acts." *Consol. Generator-Nevada, Inc., v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998). Even assuming that plaintiff has established the first element, which she has not, the second element has already been decided in the previous action and is now issue precluded. In the prior action, Judge Hunt found that "Cutler has provided no evidence indicating how ALR's threats harmed her."

The damages sought by plaintiff are the same damages she sought in the 2007 case. She has suffered no damages from the ALR defendants. The damages issue in the prior case and this case are identical, occurred after both parties had a full and fair opportunity to litigate, and was a necessary and critical part of the prior judgment.

Plaintiff's claim for civil conspiracy is both issue and claim precluded.

B.   *Abuse of Process*

The court finds that the abuse of process claim, like the civil conspiracy claim, is claim precluded. Plaintiff knew of all the facts constituting her abuse of process claim in the prior to the initiation of her 2007 case. Like the civil conspiracy claim, neither party disputes there was a prior final judgment on the merits or that there is privity between the parties. The only remaining question is whether the claims are substantially identical to trigger claim preclusion.

The facts underlying plaintiff's abuse of process claims arise out of the same transactional nucleus of facts. Plaintiff knew of the agreement between Solomon, ALR, and Marinello prior to the 2007 case. The ALR defendants contacted plaintiff prior to the initiation of the 2007 lawsuit in

an attempt to settle the claims all parties with any potential claims of title to the painting may have against one another. After plaintiff filed crossclaims against ALR, ALR simply defended itself in the action.

The court further finds that each of the additional three considerations of the identity of claims requirement counsels the application of claim preclusion. Rights and interests established in the prior judgment would be destroyed or impaired by prosecution of this action. Substantially the same evidence is presented in both actions. The two suits involve infringement of the same rights. Plaintiff recast and re-titled her 2007 intentional tort cause of action as abuse of process.

Like her claim for civil conspiracy, plaintiff attempts to argue that some facts necessary to allege the abuse of process cause of action occurred during or after the action.[9] The court finds this argument unpersuasive.

However, even if that were true, the elements of abuse of process are: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Georgiou Studio, Inc. v. Boulevard Invest, LLC*, 663 F.Supp.2d 973, 982 (D. Nev. 2009). "[T]he mere filing of the complaint is insufficient to establish the tort of abuse of process." *Laxalt v. McClatchy*, 622 F.Supp. 737, 752 (D. Nev. 1985). Maintaining a lawsuit solely to pursue or leverage a settlement does not constitute an abuse of process. *See Rashidi v. Albright*, 818 F.Supp. 1354, 1359 (D. Nev. 1993) ("The claim that the 'maintenance' of the law suits was for the ulterior purpose of continuing litigation as a lever to obtain personal releases from liability is tenuous at best and more importantly–irrelevant. Even if proven, such a motive would not demonstrate any ulterior purpose other than resolution or settlement of the suit which is an acceptable use of process.")

---

[9] The court, out of an abundance of caution, considers whether the facts alleged give rise to a cause of action for abuse of process. There are situations where a plaintiff may maintain an abuse of process cause of action based on conduct that occurred in a previous lawsuit, provided that plaintiff did not allege abuse of process in the first lawsuit. *Compare Palo v. Visioneer, Inc.*, No. Civ.A. 97-11249, 2002 WL 31662261, at *4 (D. Nev. Nov. 18, 2002) (declining to hold an abuse of process cause of action as claim precluded) *with Flores v. Emerich & Fike*, No. 1:05-cv-0291, 2008 WL 2489900, at *15 (D. Or. June 18, 2008) ("[T]he court finds that claim preclusion bars re-litigation of the abuse of process cause of action for which judgment has been entered.").

James C. Mahan
U.S. District Judge

- 10 -

1    Plaintiff's complaint alleges that defendants' "ulterior purpose was to invent a claim in order
2    to coerce a wrongful settlement." (Doc. # 19 at ¶ 34). Plaintiff then lists several alleged facts to
3    support her claim that defendants attempted to coerce a settlement. (*Id.* at 35). However, pursuing
4    a settlement is not an ulterior purpose. ALR defendants represented their client and received a
5    favorable judgment on the crossclaim filed against them. The claim for abuse of process is
6    dismissed against the ALR defendants.

    C.    *Attorneys Fees*

ALR defendants seek attorneys fees pursuant to Federal Rule of Civil Procedure 11. Rule 11 "discourages wasteful, costly litigation battles by mandating the imposition of sanctions when a lawyer's position, after reasonable inquiry, will not support a reasonable belief that there is a sound basis in law or in fact for the position taken." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir. 1986).

"When, as here, a compliant is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before singing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

ALR defendants allege that plaintiff has pled five factually inaccurate statements in the complaint. The five allegedly false factual assertions are: damages exceed $75,000; Cutler exchanged paintings with Spielberg to remove him from the prior suit; that the prior court found in favor of Cutler; that ALR defendants had an ulterior motive to coerce a settlement; and, that defendants conspired with Solomon to invent a claim in the prior suit.

Plaintiff has provided arguments why each statement was made in the amended complaint. After reviewing the arguments and the controlling two-prong inquiry, the court does not find sanctions are warranted. The problem with all of the factual assertions in plaintiff's complaint is that they do not give rise to a viable cause of action, not that they violate Rule 11.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants', Art Loss

**James C. Mahan**
**U.S. District Judge**

- 11 -

Register, Inc., and Christopher A. Marinello, motion to dismiss (doc. # 20) be, and the same hereby, is GRANTED.  Defendants Art Loss Register, Inc., and Christopher A. Marinello are dismissed from the action with prejudice.

    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants', Art Loss Register, Inc., and Christopher A. Marinello, motion for sanctions pursuant to Federal Rule of Civil Procedure 11 (doc. # 22) be, and the same hereby, is DENIED.

    DATED March 22, 2013.

                                        **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 12 -